UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

**Linda Hoekman**, et al.,

    Plaintiffs,

v.

**Education Minnesota**, et al.,

    Defendants.

Case No. 0:18-cv-01686-SRN-SER

## SUPPLEMENTAL BRIEF REGARDING THE CONTINUED SEALING OF DOCKET ENTRIES 95-1, 111-1, 111-2, AND 111-3

Talcott J. Franklin*
Texas Bar No. 24010629
Talcott Franklin PC
1920 McKinney Avenue 7th Floor
Dallas, Texas 75201
(214) 736-8730 (phone)
(800) 727-0659 (fax)
tal@talcottfranklin.com

Douglas P. Seaton
Minnesota Bar No. 127759
Upper Midwest Law Center
8421 Wayzata Boulevard
Golden Valley, Minnesota 55426
(612) 428-7001
doug.seaton@umwlc.org

* admitted *pro hac vice*

Dated: February 18, 2020

Jonathan F. Mitchell*
Texas Bar No. 24075463
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

James V.F. Dickey
Minnesota Bar No. 393613
Hellmuth & Johnson
8050 West 78th Street
Edina, Minnesota 55439
(952) 941-4005 (phone)
(952) 941-2337 (fax)
jdickey@hjlawfirm.com

*Counsel for Plaintiffs and
the Proposed Classes*

Rule 26(c)(1) authorizes this Court to seal documents if doing so would "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The documents that the plaintiffs wish to remain under seal easily satisfy that standard.

The financing agreement in 111-1 is a confidential financial record of Mitchell Law PLLC reflecting the law firm's income, and it has been marked with an attorneys-eyes-only designation for that reason. There is abundant authority allowing financial records to be discovered subject to an "attorneys eyes only" limitation. *See, e.g.*, *Jes Solar Co. v. Matinee Energy, Inc.*, No. CV 12-626 TUC DCB, 2015 WL 10939972, at *11 (D. Ariz. Mar. 30, 2015) ("The Court grants Defendant Chung's Motion for Protective Order to keep his financial records, including but not limited to Mr. Chung and his wife's tax returns, Form 1099, and bank account records, to be designated as 'Attorneys' Eyes Only' now and until such time as a judgment is entered in favor of Plaintiffs and against Defendant Chung. The exhibits 4–7 and 10 to Chung's Reurged Motion to Dismiss may be filed under seal."); *Graham v. Carino,* Civ. No. 09–4501, 2010 WL 2483294, *3–4 (D.N.J. June 4, 2010) (ordering "Attorneys Eyes Only" production of municipal defendants' financial records to counsel for plaintiff claiming excessive force and seeking punitive damages). And disclosing this document to the public—after the plaintiffs have willingly made it available to opposing counsel under an "attorneys eyes only" designation to avoid a discovery dispute—will produce "annoyance, embarrassment, oppression, or undue burdens" not only for Mitchell Law PLLC, but also for the financier.

The identity of the financier—though not the terms of the agreement—has already been publicly disclosed in a separate lawsuit. Shortly after that disclosure, The

Intercept published a hit piece attacking the financier and falsely insinuating that the principal of Mitchell Law PLLC had lied to Congress. *See* Rachel M. Cohen, *A Small Chicago Firm Has Quietly Funded Nearly Two Dozen Anti-Union Lawsuits*, The Intercept (Dec. 29, 2019), available at https://bit.ly/2v04gZZ (last visited on February 18, 2020). The article also speculated that "that the lawsuits are being waged primarily to drain union coffers in defense," a suggestion disproven by the fact that Mr. Mitchell has repeatedly made concessions and advocated positions that would streamline and consolidate much of this litigation, including never contesting the Union's decision to designate an entire 30(b)(6) deposition "confidential" for much of the litigation. Another article criticizing the financier appeared in the Litigation Finance Journal. *See Are Juris Capital's Public Sector Union Lawsuits Motivated by Politics or Profit?*, Litigation Finance Journal (Dec. 25, 2019), available at https://bit.ly/2wt8qdf (last visited on February 18, 2020); *see also* https://bit.ly/2uOoO7M (attacking the financier as a "shady LLC"). Disclosing the details of the financing arrangement will lead to further hit pieces against the lawyers and financiers.

The document in 111-2 contains Ms. Hoekman's home address, home phone number, cell-phone number, and personal e-mail address. The presence of this personal contact information amply justifies an "attorneys eyes only" designation; indeed, courts have issued such designations for information that *might* lead others to *discover* a person's home address or other personal contact information. *See, e.g.*, *United States v. Diaz-Rojas*, No. 16CR0423-MMA (KSC), 2016 WL 4718432, at *5 (S.D. Cal. Sept. 8, 2016) ("[G]iven the possibility that the description in the kenneling records

could lead to the discovery of Agent Barragan's home address, the entire annual kennel report shall be deemed Attorneys' Eyes Only and produced accordingly."); *Luger v. Remco Indus. Int'l, Inc.*, No. 05-61193-CIV, 2006 WL 8432160, at *4 n.9 (S.D. Fla. Apr. 28, 2006) ("Given the sensitive and confidential nature of Moreth's home address and telephone number, the dissemination of such information shall be restricted to attorneys' eyes only."); *Rosales v. FitFlop USA, LLC*, No. 11CV0973-W(KSC), 2012 WL 13176110, at *6 (S.D. Cal. Dec. 10, 2012) ("To the extent home addresses are disclosed, the information shall remain confidential and for attorneys' eyes only."). The need to protect that information is especially urgent in a case of this sort, as public-sector unions have allies in the media who are eager to use information in a manner that may embarrass or intimidate the plaintiffs. The remainder of the document is a confidential financial record of Mitchell Law PLLC, and should remain under an "attorneys eyes only" designation for the reasons provided in the previous two paragraphs.

The documents in 111-3, as with 111-2, contain personal contact information (including home addresses, home and cell-phone numbers, and personal e-mail addresses), as well as a confidential financial record of Mitchell Law PLLC (the engagement letter). The plaintiffs do not, however, object to unsealing the portions of 111-3 that describe the union's "total dues structure," which will not disclose confidential information of either Ms. Buros or Mitchell Law PLLC.

Finally, the last paragraph in page 17 of docket entry 95-1 describes the confidential financial information of Talcott Franklin PC, and it should remain under an "attorneys eyes only" designation for the same reasons.

## CONCLUSION

Docket entries 111-1, 111-2 and 111-3 should remain under seal, with the exception of the portions of 111-3 that describe the union's "total dues structure." The last paragraph in page 17 of docket entry 95-1 should remain under seal as well.

Respectfully submitted.

/s/ Jonathan F. Mitchell

| | |
|---|---|
| TALCOTT J. FRANKLIN* | JONATHAN F. MITCHELL* |
| Texas Bar No. 24010629 | Texas Bar No. 24075463 |
| Talcott Franklin PC | Mitchell Law PLLC |
| 1920 McKinney Avenue 7th Floor | 111 Congress Avenue, Suite 400 |
| Dallas, Texas 75201 | Austin, Texas 78701 |
| (214) 736-8730 (phone) | (512) 686-3940 (phone) |
| (800) 727-0659 (fax) | (512) 686-3941 (fax) |
| tal@talcottfranklin.com | jonathan@mitchell.law |
| | |
| DOUGLAS P. SEATON | JAMES V.F. DICKEY |
| Minnesota Bar No. 127759 | Minnesota Bar No. 393613 |
| Upper Midwest Law Center | Hellmuth & Johnson |
| 8421 Wayzata Boulevard | 8050 West 78th Street |
| Golden Valley, Minnesota 55426 | Edina, Minnesota 55439 |
| (612) 428-7001 | (952) 941-4005 (phone) |
| doug.seaton@umwlc.org | (952) 941-2337 (fax) |
| | jdickey@hjlawfirm.com |

* admitted *pro hac vice*

Dated: February 18, 2020

*Counsel for Plaintiffs and the Proposed Classes*

## CERTIFICATE OF COMPLIANCE

I certify that this document complies with the court's order because it contains 814 words, as calculated by Microsoft Word for Mac version 16.33. I further certify that the word-count function was applied specifically to include all text, including headings, footnotes, and quotations.

I certify that this document complies with the type-size limit of Local Rule 7.1(h) because it was produced using the font ITC Galliard Pro in 13 point.

                                         /s/ Jonathan F. Mitchell
                                         Jonathan F. Mitchell
                                         *Counsel for Plaintiffs and*
                                         *the Proposed Classes*

# CERTIFICATE OF SERVICE

I certify that on February 18, 2020, I served this document through CM/ECF upon:

Scott Kronland
Patrick C. Pitts
Altshuler Berzon LLP
177 Post Street
Suite 300
San Francisco, California 94108
(415) 421-7151
skronland@altshulerberzon.com
cpitts@altshulerberzon.com

Meg Luger-Nikolai
Cedrick Frazier
David Aron
Education Minnesota
41 Sherburne Avenue
St. Paul, Minnesota 55103
(651) 227-9541
(651) 292-4824
(651) 292-4819
meg.luger@edmn.org
cedrick.frazier@edmn.org
david.aron@edmn.org

*Counsel for the Union Defendants*

                                                               /s/ Jonathan F. Mitchell
                                                               Jonathan F. Mitchell
                                                               *Counsel for Plaintiffs and*
                                                                *the Proposed Classes*